IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:21-CR-99-RLJ-HBG-1 |
| DERRICK D. HARRIS, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant's Unopposed Motion to Continue Trial and Associated Deadlines [Doc. 12], filed on November 3, 2021. Defendant asks the Court to continue the December 7, 2021 trial date and to reset the associated deadlines because counsel needs additional time—due to facts and circumstances unique to this case—to adequately prepare the defense in this matter. Defense counsel states that the investigation into this matter is ongoing and includes outstanding requests for videos and other evidence. The motion relates that Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of March 29, 2022.

The Court finds Defendant Harris's Motion to Continue Trial and Associated Deadlines [Doc. 12] is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense

counsel needs additional time to investigate the case—which involves numerous witnesses to an alleged robbery—and to adequately prepare the defense. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue Trial and Associated Deadlines [**Doc. 12**] is **GRANTED**. The trial of this case is reset to **March 29, 2022**. The Court finds that all the time between the filing of the motion on November 3, 2021, and the new trial date of March 29, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and Associated Deadlines [**Doc. 12**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 29, 2022**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **November 3, 2021**, and the new trial date of **March 29, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **January 4, 2022,** and responses will be due **January 18, 2022.**

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 28, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **March 8, 2022, at 10:30 a.m.**;

(7) The deadline for filing motions *in limine* is **March 14, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **March 18, 2022.**

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge