IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-CR-99-RLJ-JEM |
| ) | |
| DERRICK HARRIS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court for report and recommendation on Defendant Derrick Harris's Motion to Dismiss for Lack of Jurisdiction [Doc. 14]. *See* 28 U.S.C. § 636(b). Defendant is charged with the Hobbs Act robbery of a Buddy's Bar-B-Q restaurant in Knoxville, Tennessee, [Doc. 1].[1] Defendant asks the Court to dismiss the Indictment for lack of jurisdiction because the robbery of a local restaurant is a purely local offense with no effect on interstate commerce. Defendant argues that, in the complete absence of effect on interstate commerce, the alleged offense is a matter for the State of Tennessee to regulate and punish. The Government responds [Doc. 15] that even a *de minimis* effect on interstate commerce gives rise to federal criminal jurisdiction and that Defendant raises matters of fact that are appropriately for the jury's determination. The Court finds the weight of authority decidedly supports the Government's position and recommends that Defendant's motion to dismiss be denied.

---

[1] Defendant is also charged with brandishing a firearm in furtherance of a crime of violence and being a felon in possession of a firearm [Doc. 1].

I.  **BACKGROUND AND POSITIONS OF THE PARTIES**

Defendant is charged by Indictment [Doc. 1] with Hobbs Act robbery of a Buddy's Bar-B-Q in Knoxville, Tennessee, on March 1, 2021 (Count One), brandishing a firearm during the robbery (Count Two), and being a felon in possession of a firearm on that same date (Count Three). In Count One, the Indictment alleges that "[a]t all times material to this Indictment, Buddy's Bar-B-Q, Inc. doing business as 'Buddy's Bar-B-Q' located at or near 8402 Kingston Pike, Knoxville, Tennessee, was engaged in commercial activities in interstate commerce and an industry which affects interstate commerce" [Doc. 1 p.1].

The Hobbs Act provides that it is a crime to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce by robbery, or to attempt or conspire to do the same. 18 U.S.C. § 1951. "'In order to prevail under a Hobbs Act violation, the Government must prove at trial two elements:  1) interference with interstate commerce, which is a jurisdictional issue; and 2) the substantive criminal act[.]'" *United States v. Turner*, 272 F.3d 380, 384 (6th Cir. 2001) (quoting *United States v. Wang*, 222 F.3d 234, 243–44 (6th Cir. 2000) (Hood, J., concurring)).

Defendant moved to dismiss the Indictment "for lack of jurisdiction," arguing the Government cannot prove the interstate nexus element as a matter of law [Doc. 14]. He asserts the alleged robbery of a Buddy's Bar-B-Q Restaurant is a purely local matter, because Buddy's is headquartered in Knoxville, Tennessee, with all locations in East Tennessee. Defendant contends robbery is not an economic crime and the impact of the robbery of a Buddy's Bar-B-Q restaurant is not felt outside of Tennessee. Defendant urges the Court to follow the reasoning of the Fifth Circuit to find that a purely local robbery is governed by the state's police powers and not within the reach of the Hobbs Act. But he argues that even applying the Sixth Circuit's standard, requiring

2

only a *de minimis* effect on interstate commerce, Count One must be dismissed because the record before the Court shows no effect on interstate commerce. Finally, he contends the Hobbs Act is unconstitutional as applied to the facts in this case because the Indictment charges activity that has no effect on interstate commerce.

The Government responded in opposition [Doc. 15]. The Government contends the robbery of a restaurant falls squarely within Sixth Circuit precedent, which requires only a *de minimis* effect on interstate commerce for a conviction of Hobbs Act robbery. It argues the Court has jurisdiction over this case because Defendant is charged with a violation of federal law. It maintains that the commercial nexus element of Hobbs Act robbery is a substantive, rather than jurisdictional, element. Thus, the Government asserts that whether the Defendant's robbery of Buddy's Bar-B-Q affects interstate commerce is a factual matter for the jury and should not be determined by the Court in a pretrial motion.

The parties appeared before the undersigned for a motion hearing on Defendant's motion. Assistant United States Attorney Alan Scott Kirk and extern McCall Curtis appeared on behalf of the Government. Attorney Joshua D. Hedrick represented Defendant Derrick Harris, who was also present. The Court heard the parties' arguments on the motion and took the matter under advisement.

**II. ANALYSIS**

"Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." *United States v. Morrison*, 529 U.S. 598, 607 (2000) (citing *Marbury v. Madison*, 1 Cranch 137, 176, 2 L. Ed. 60 (1803)). Criminal law is traditionally reserved to the several states, and, thus, Congress may not legislate in this area unless it falls within Congress's delineated powers, most frequently the power to regulate commerce. *Id.* at 617–18 (observing that

3

"the suppression of violent crime and vindication of its victims" is a fundamental police power, which the Constitution reserves to the states). Pursuant to its Commerce Clause powers, Congress has authority to regulate the channels of interstate commerce, the instrumentalities of interstate commerce, and activities that "substantially affect interstate commerce." *Gonzalez v. Raich*, 545 U.S. 1, 16–17 (2005). Supreme Court "case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." *Id.*

Defendant asks the Court to dismiss Counts One and Two[2] of the Indictment because the alleged robbery of a purely local restaurant does not satisfy the interstate commerce element of the Hobbs Act.[3] In other words, Defendant argues the Hobbs Act is unconstitutional as applied to the allegations in the Indictment or, alternatively, that the Government cannot prove he committed the alleged offense as a matter of law because it cannot show any connection to interstate commerce.

For the reasons set forth below, the undersigned finds (1) that this Court has jurisdiction over this case, (2) that the Hobbs Act, as it is applied in this case, is not unconstitutional, and

---

[2] At the motion hearing, defense counsel acknowledged that Defendant is not challenging Count Three, which Mr. Hedrick stated "stands on its own" without regard to any infirmities in Count One. However, he stated that Count Two, brandishing a firearm in furtherance of the crime of violence charged in Count One, arguably should be dismissed if the Court dismisses the predicate Hobbs Act robbery.

[3] The Hobbs Act provides that

> [w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

4

(3) that the charge set forth in Count One of the Indictment is sufficient. It is therefore recommended that Defendant's motion be denied.

### A. Jurisdiction

Defendant characterizes the alleged deficiency in Count One as a "lack of jurisdiction." "Although the Hobbs Act's interstate commerce element is commonly referred to as a 'jurisdictional element,' the failure of the government to prove a nexus between the crime and interstate commerce is not jurisdictional in a sense that it deprives the district court of subject matter jurisdiction." *Turner*, 272 F.3d at 390 (citing *United States v. Robinson*, 119 F.3d 1205, 1212 n.4 (5th Cir. 1997)); *see also United States v. Martin*, 526 F.3d 926, 934 (6th Cir. 2008) (concluding the interstate commerce nexus element in 18 U.S.C. § 922(g) is not jurisdictional in the sense that its absence deprives the court of authority over the case). Defendant is charged with a violation of federal law; this Court therefore has jurisdiction over this case. *See* 18 U.S.C. § 3231 (providing that the district court has original jurisdiction over all federal offenses).

### B. As Applied Constitutional Challenge

Defendant argues the charge of Hobbs Act robbery of a purely local restaurant is unconstitutional because there exists no nexus with interstate commerce. Defendant urges the Court to require an actual, substantial effect on interstate commerce, rather than the *de minimis* standard employed in this circuit. But he also contends that even under the *de minimis* standard, Count One must be dismissed because there exists no effect on interstate commerce. In essence, Defendant argues that Hobbs Act robbery is unconstitutional as applied in this case because no federal crime has occurred.

5

The Hobbs Act defines "commerce" broadly:

> The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. § 1951(b)(3); *United States v. Chisholm*, No. 21-3271, 2022 WL 203203, at *2 (6th Cir. Jan. 24, 2022). The scope of the interstate commerce element in the Hobbs Act is defined by "Congress's powers under the Commerce Clause." *Chisholm*, 2022 WL 203203, at *2 (citing *Taylor v. United States*, 579 U.S. 301, 306 (2016)). Congress may legislate activities that "'substantially affect' commerce . . . so long as they substantially affect interstate commerce in the aggregate, even if their individual impact on interstate commerce is minimal." *Taylor*, 579 U.S. at 306 (citing *Wickard v. Filburn*, 317 U.S. 111, 125 (1942)). Thus, as stated by the Sixth Circuit, "[w]hen the defendant robs a business, then 'the government must prove only that a robbery has a *de minimis* effect on interstate commerce in order to satisfy the jurisdictional requirement of the Hobbs Act.'" *Chisholm*, 2022 WL 203203, at *2 (quoting *United States v. Baylor*, 517 F.3d 899, 901) (6th Cir. 2008)).

Defendant urges the Court to require a substantial effect on interstate commerce, not merely a *de minimis* effect, arguing that the *de minimis* effect-aggregate impact standard is inconsistent with the more recent Supreme Court cases of *United States v. Lopez*, 514 U.S. 549, 560 (1995), where the Supreme Court held that the Gun Free School Zones Act was insufficiently related to Congress's Commerce Clause power, and *United States v. Morrison*, 529 U.S. at 613, where the Supreme Court held the Commerce Clause did not give Congress authority to enact civil remedy in Violence Against Women Act. Specifically, and despite our appellate court's clear

6

approval of the *de minimis* standard for Hobbs Act robberies, Defendant asks the Court to apply the standard of the Fifth Circuit in *United States v. McFarland*, 311 F.3d 376, 377–410 (5th Cir. 2002) *(per curiam)*, *cert. denied*, 538 U.S. 962 (2003). In *McFarland*, the evenly-divided court, sitting *en banc*, affirmed a defendant's convictions for four counts of Hobbs Act robbery of local convenience markets. *Id.* at 377. Defendant relies on the opinion of the dissent, which concludes that robberies fall within Congress's "Commerce Clause power only if they 'substantially affect' interstate commerce." *Id.* at 409 (Garwood, J., dissenting). He argues that this standard preserves the constitutional limits on federal exercise of police powers.

Yet, Defendant acknowledges that the Sixth Circuit has upheld the *de minimis* effect-aggregate impact standard in the wake of *Lopez* and *Morrison*. In *United States v. Baylor*, the Sixth Circuit affirmed its prior holding that "the government must prove only that a robbery had a *de minimis* effect on interstate commerce in order to satisfy the jurisdictional requirement of the Hobbs Act." 517 F.3d at 901. In that case, the defendant, who was convicted of Hobbs Act robbery of $538 from a Little Caesar's restaurant, argued the requirement that a robbery have only a *de minimis* effect on interstate commerce was unconstitutional, citing to *Lopez* and *Morrison*. *Id.* at 900–01. Our appellate court held that the *de minimis* effect standard met *Morrison*'s and *Lopez*'s requirement that a federally regulated activity must have a substantial effect on interstate commerce because the Hobbs Act regulates actions which in the aggregate and through repetition substantially affect interstate commerce. *Id.* at 901–02. Thus, the Sixth Circuit affirmed its reasoning that "'the *de minimis* character of individual instances arising under the statute is of no consequence[.]'" *Id.* at 901 (quoting *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999)). The appellate court expressly found the *de minimis* effect standard survived both *Lopez* and *Morrison*. *Id.* at 901–02.

7

The Sixth Circuit again applied the *de minimis* standard less than two months ago: "[W]e have repeatedly upheld the *de minimis* standard even in the wake of *Morrison* and *Lopez*." *Chisholm*, 2022 WL 203203, at *3. And it has previously rejected a defendant's invitation to overturn the *de minimis* standard and to apply the standard from the dissent in *McFarland*. In *United States v. Chandler*, the Sixth Circuit held that the *McFarland* dissent "is simply an insufficient basis for us to overrule a long line of precedent in this circuit." 486 F. App'x 525, 532 (6th Cir. 2012) (citing *Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

This Court is obligated to follow binding precedent. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982) (observing that lower federal courts must follow precedent). Precedent dictates that the *de minimis* contacts standard remains binding on this Court at this time. Accordingly, Defendant's argument that the Hobbs Act is unconstitutional as applied to his charged conduct because of its negligible impact on interstate commerce lacks merit.

### C. Sufficiency of Indictment

Defendant argues the Government cannot show any effect on interstate commerce for the robbery charged in Count One. In so arguing at the motion hearing, Defendant asserted that the Court may consider any facts that would be admissible at trial. He also argued that the Government bears the burden of showing an effect on interstate commerce, and he claimed the record is devoid of any evidence that the alleged robbery of a purely local restaurant had any impact on interstate commerce. Defense counsel likened the issue to a motion for a judgement of acquittal, maintaining that as a matter of law, no proof exists on which a jury could find an effect on interstate commerce.

The Government counters that whether the robbery of Buddy's Bar-B-Q affected interstate commerce is a question of fact that is reserved to the jury and not properly decided in a pretrial

motion to dismiss. According to the Government, the Court may look only to the face of the Indictment to determine if it sufficiently states an offense.

The Court finds Defendant's argument is properly characterized as a challenge to the sufficiency of the proof to show the interstate commerce element under the applicable Sixth Circuit *de minimus* standard. The test of an indictment is whether it sufficiently charges an offense. *United States v. Sampson*, 371 U.S. 75, 78–79 (1962); *United States v. Conley*, No. 5:15cr254, 2016 WL 233715, at *2 (N.D. Ohio Jan. 20, 2016). Under the Federal Rules of Criminal Procedure, "a defect in the indictment," specifically the failure to state an offense, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits[.]" Fed. R. Crim. P. 12(b)(3)(B)(v).

Resolution of a pretrial motion to dismiss the indictment for failure to state an offense is appropriate when the "facts surrounding the alleged offense [are] virtually undisputed and trial of the substantive charges would not substantially assist the court in deciding the legal issue raised by the motion to dismiss the indictment." *United States v. Jones*, 542 F.2d 661, 665 (6th Cir. 1976). In other words, for the Court to determine a motion to dismiss the indictment that alleges the government cannot establish the offense charged as a matter of law, (1) the issue raised must be a question of law and (2) the relevant facts must be undisputed. *Jones*, 542 F.2d at 665; *see also United States v. Fitzgerald*, No. 1:16-cr-178, 2017 WL 74074, at *2 (6th Cir. Jan. 9, 2017) (examining whether undisputed facts in the criminal complaint constituted operating an airplane while under the influence of alcohol as a matter of law). When "defendant is arguing that as a matter of law the undisputed facts do not constitute the offense charged in an indictment, the [c]ourt is reviewing a question of law, not fact." *United States v. Vertz*, 40 F. App'x 69, 71 (6th Cir. 2002). If the parties dispute the evidence, the court risks treading upon the role of the

grand jury in deciding the issue pretrial. *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982), *cert. denied*, 457 U.S. 1119 (1982).

"'[O]rdinarily a challenge to the sufficiency of the evidence satisfying the jurisdictional element of the Hobbs Act is not appropriately decided on a motion to dismiss.'" *United States v. Pollard*, No. 3:09-cr-240, 2012 WL 5511785, at *2 (M.D. Tenn. Nov. 14, 2012) (quoting *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998)). The Government's ability to prove the elements of Hobbs Act robbery, including the effect on interstate commerce, is a matter for trial. *Conley*, 2016 WL 233715, at *3. Even though the Court may determine the sufficiency of the Government's evidence on a motion for a judgement of acquittal, the time for such ruling is after the Government presents its proof, not on the skeletal pretrial record. *Id.*; *Pollard*, 2012 WL 5511785, at *2 (observing that a defendant "may properly raise the issue at the close of the Government's proof at trial through a Rule 29 Motion for Judgment of Acquittal"). That is especially true in this case given that the parties dispute what facts the Court may consider at this stage to assess the impact on interstate commerce.

The Indictment here reveals the Grand Jury found probable cause that Buddy's Bar-B-Q "engaged in commercial activities in interstate commerce and [is] an industry which affects interstate commerce" [Doc. 1]. The charge in Count One sets forth the elements of Hobbs Act robbery, along with the essential facts, and provides notice of the charge sufficient to allow Defendant to prepare a defense and to protect him from double jeopardy. *Russell v. United States*, 369 U.S. 749, 763–70 (1962) (observing an indictment preserves the constitutional right to fair notice of the charges, the protection against double jeopardy, and the right to have a grand jury find probable cause for felony charges); Fed. R. Crim. P. 7(c)(1) (providing an indictment "must

be a plain, concise, and definite written statement of the essential facts constituting the offense charged").

"At the pre-trial stage, the Court does not consider the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Conley*, 2016 WL 233715, at *2 (citing *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009)). Accordingly, Defendant's challenge to the sufficiency of Count One must be denied.

### III. CONCLUSION

The Court finds that it has jurisdiction over this case, that the charged Hobbs Act robbery survives Defendant's constitutional challenge, and that Defendant may not attack the sufficiency of the Government's proof of interstate commerce nexus before trial. Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss for Lack of Jurisdiction [**Doc. 14**] be denied.[4]

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).