UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:21-CR-099 |
| ) | |
| DERRICK D. HARRIS ) | |

## MEMORANDUM AND ORDER

The defendant is charged with Hobbs Act robbery of a Buddy's Bar-B-Q restaurant in Knoxville, Tennessee (Count One), using, carrying, and brandishing a firearm during and in relation to that Hobbs Act robbery (Count Two), and knowing possession of a firearm by a previously convicted felon (Count Three). He moves to dismiss his indictment for lack of jurisdiction, arguing that "the robbery of a local business, locally owned and operated, doing business solely within the State of Tennessee" does not substantially affect interstate commerce. [Doc. 14]. The United States has responded in opposition to the motion. [Doc. 15].

United States Magistrate Judge Jill E. McCook conducted an evidentiary hearing and heard arguments on February 15, 2022.[1] Now before the Court is the magistrate judge's March 15, 2022, report and recommendation ("R&R"), recommending that the defendant's motion be denied. [Doc. 20].

---

[1] At that hearing, defense counsel clarified that his motion only seeks dismissal of Counts One and Two. [Doc. 20, p. 4, n.2].

The defendant has filed objections to the R&R. [Doc. 21]. The Court has thoroughly reviewed the R&R and the parties' filings. For the reasons that follow, the defendant's motion to dismiss will be denied.

I.

*Motion and Objections*

A. Standard of Review

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." *See id.*; 28 U.S.C. § 636(b). A district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

B. Factual Background and Arguments Presented

Pages 2 and 3 of Magistrate Judge McCook's R&R accurately summarize the factual background of this case along with the parties' positions. The defendant's objections do not challenge any aspect of that summary, thus the Court need not repeat it herein.

In brief, the defendant raises three arguments. First, he contends that this Court lacks subject matter jurisdiction over Counts One and Two of the indictment because the United States cannot prove the elements of a Hobbs Act violation as a matter of law.

Next, the defendant urges this Court to reject binding Sixth Circuit authority in favor of a dissenting opinion of the evenly divided *en banc* Fifth Circuit in *United States v. McFarland*, 311 F.3d 376, 377-410 (5th Cir. 2002). Lastly, the defendant argues that dismissal is warranted even if this Court applies Sixth Circuit authority because the United States has not submitted sufficient evidence to support its case.

### C. Defendant's Objections

The defendant now concedes that the magistrate judge correctly concluded this Court indeed has subject matter jurisdiction over Counts One and Two of his indictment. [Doc. 21, p. 8]. He persists, however, in his arguments that the Court should reject binding Sixth Circuit authority and that, in any event, the United States has submitted insufficient evidence to support a Hobbs Act violation.

### D. Analysis

In material part, the Hobbs Act makes it a federal crime to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce by robbery, or to attempt or conspire to do so. 18 U.S.C. § 1951(a). To prevail at trial, the United States must prove: (1) an interference with interstate commerce; and (2) the substantive criminal act, such as a robbery. *United States v. Turner*, 272 F.3d 380, 384 (6th Cir. 2001) (quoting *United States v. Wang*, 222 F.3d 234, 243-44 (6th Cir. 2000) (Hood, J., concurring)).

As to the first of these elements, the magistrate judge correctly observed that a *de minimis* effect on interstate commerce is sufficient under Sixth Circuit law. *See, e.g.,*

3

*United States v. Baylor*, 517 F.3d 899, 901-03 (6th Cir. 2008). The defendant objects that "this Honorable Court, and the Sixth Circuit," should abandon that standard in favor of the "substantial effect on interstate commerce" approach taken in the Fifth Circuit dissenting opinion. [Doc. 21, p. 8-9] (citing *McFarland*).

When presented with similar arguments, this Court typically reminds a litigant that this Court sits within the Sixth Circuit and thus must follow binding Sixth Circuit authority. However, to his credit, the instant movant does recognize that point, acknowledging that "the magistrate judge is correct that current Sixth Circuit precedent is against [his] argument[.]" [*Id.*, p. 9]. The defendant nonetheless "seeks to preserve this issue in an effort to urge the Sixth Circuit to change its approach and instead adopt the approach of its sister circuit." [*Id.*].

It is this defendant's absolute right to preserve an issue for appeal. It is simultaneously this Court's absolute duty to follow Sixth Circuit precedent. The Hobbs Act *de minimis* standard is a settled issue in this circuit. *See, e.g., Baylor*, 517 F.3d at 901-03 (rejecting arguments similar to those presented by the instant defendant and, notably, finding that Baylor's robbery of a restaurant indeed had a *de minimis* impact on interstate commerce). As aptly observed by Magistrate Judge McCook, the Sixth Circuit continues to apply the *de minimis* standard, having done so just over two months ago. *See United States v. Chisholm*, No. 21-3271, 2022 WL 203203, at *3 (6th Cir. Jan. 24, 2022) ("[W]e have repeatedly upheld the *de minimis* standard even in the wake of" the Supreme Court authority relied upon by the defendant now before this Court.).

By his second objection, the defendant contends that Counts One and Two should be dismissed even under the *de minimis* standard. He objects that,

> Under the facts of this case, there is advanced in the record no impact on interstate commerce whatsoever. There can be no finding of a *de minimis* impact if there is no impact at all. Had the government offered some proof— any proof—of any impact, the magistrate's ruling might be correct.

[Doc. 21, p. 9].

However, "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). "[T]he indictment is tested solely by its sufficiency to charge an offense. At the pre-trial stage, the Court does not consider the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Conley*, No. 5:15cr254, 2016 WL 233715, at *2 (N.D. Ohio Jan. 20, 2016) (citations omitted).

The R&R objections presented by the defendant will accordingly be overruled.

II.

*Conclusion*

Finding itself in complete agreement with the magistrate judge, the Court **ADOPTS** the findings of fact and conclusions of law set out in the report and recommendation [doc. 20]. The defendant's objections to that R&R [doc. 21] are **OVERRULED**, and his motion to dismiss [doc. 14] is **DENIED**.

This case remains set for trial on July 26, 2022.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge